■ WILLIAM HARDING, Appellant, v CITY OF NEW YORK, Respondent. [683 NYS2d 78] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered July 23, 1997, which,

upon a jury verdict in defendant's favor in a seaman's action to recover for injuries allegedly sustained by reason of negligence and unseaworthiness, and to obtain outstanding maintenance and cure, dismissed the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the complaint insofar as it asserts a claim for unpaid maintenance and cure reinstated. Order, same court and Justice, entered on or about June 2, 1997, brought up for review by the appeal from the judgment, denying plaintiff's motion to set aside the verdict and for a new trial, unanimously modified, on the law, to grant the motion to the extent of directing a further inquiry and determination as to the extent of any outstanding obligation on the part of defendant for the payment of maintenance and cure, and the matter is remanded for that purpose, and otherwise affirmed, without costs.

The verdict in defendant's favor upon plaintiff's negligence and unseaworthiness claims was neither irrational nor against the weight of the evidence. The evidence permitted the jury fairly to conclude that the allegedly defective valve was not the proximate cause of plaintiff's accident and injury. In this connection, we note that the trial court properly exercised its discretion in limiting the testimony of plaintiff's expert to the defective condition of the steam supply system, since plaintiff's bill of particulars did not indicate that plaintiff intended to proceed on a negligent design theory at trial. Nor did the court err in denying plaintiff the use of certain deposition testimony for impeachment purposes, since the relevant portion of the deposition transcript, as corrected, was not inconsistent with the trial testimony. Contrary to plaintiff's argument, the prior statement was not alternatively admissible to demonstrate that the defective valve was reparable since the feasibility of repairing the valve was not at issue.

However, inasmuch as plaintiff was a seaman, he had a right to maintenance and cure, which right did not depend upon the viability of his claims for damages resulting from his employer's negligence, or the unseaworthiness of the vessel upon which he was working (see, *Aguilar v Standard Oil*, 318 US 724, 736). Accordingly, the jury verdict, exonerating defendant of the alleged negligence and unseaworthiness of its vessel, did not justify dismissal of plaintiff's claim for unpaid maintenance and cure. Accordingly, since the record is unclear as to the exact amount due under maintenance and cure, we remand solely for a determination of that limited issue.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, J. P., Rosenberger, Williams and Wallach, JJ.